7 F.3d 226
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
CRAIG S. CAMPBELL, a/k/a Jim Craig Johnson, Defendant-Appellant.
 No. 93-5084.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 2, 1993.
Decided: October 4, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.
 Hunt L. Charach, Federal Public Defender, Leonard Kaplan, Assistant Federal Public Defender, for Appellant.
 Michael W. Carey, United States Attorney, John C. Parr, Assistant United States Attorney, for Appellee.
 S.D.W.Va.
 AFFIRMED
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Craig S. Campbell appeals the sentence imposed pursuant to his plea of guilty to possession of cocaine with intent to distribute. He claims that the imposition of a fine was unlawful because the district court did not make the factual findings required by 18 U.S.C.A. § 3572(a) (West Supp. 1993). We affirm.
 
 
 2
 Following Campbell's plea of guilty, the district court directed the preparation of a presentence report. The report revealed that Campbell was unemployed and had last worked in July 1992 for a construction company in New York. Campbell had earned approximately $1000 for three weeks' work. His only other significant employment had been a summer job in July 1989.
 
 
 3
 Under the Sentencing Guidelines, the fine range applicable to Campbell was $4000-$1,000,000. With regard to Campbell's ability to pay a fine, the report stated:
 
 
 4
 Campbell has no income, no assets and reports no financial obligations. He has been dependent upon family members for a place of residence and other needs. Based on his financial condition, Campbell has no ability to pay a fine. However, during a term of incarceration, the defendant would have the opportunity to earn income which could be applied toward fine payments through participation in the Bureau of Prisons Inmate Financial Responsibility Program.
 
 
 5
 Campbell did not raise any objections to that part of the report addressing his financial situation or the fine.
 
 
 6
 At sentencing on January 19, 1993, the court asked whether there were any factual or legal objections to the report. Campbell's attorney and the Assistant United States Attorney responded that there were not. The court then adopted "as its findings for purposes of this hearing the facts as stated in the presentence report."
 
 
 7
 The court gave Campbell a twenty-one month sentence. The court departed downward in imposing a $1000 fine because"the defendant is unable financially to pay a fine in a greater amount." The court informed Campbell that it had "looked at all the[§ 3572(a) ] factors ... and found that you are financially unable to pay a guideline fine." The court noted that the fine might be satisfied by participation in the Inmate Financial Responsibility Program.
 
 
 8
 We recently addressed an appellant's complaints that the district court did not, in accordance with § 3572(a), make a specific factual finding about his ability to pay a fine of $2000, which represented a downward departure from the applicable guidelines fine. We observed that the district court found that the defendant was unable to pay the minimum guidelines fine. The presentence report reflected that he could pay a $2000 fine. The court noted that the report:
 
 
 9
 gave documented support for this downward departure. The report stated that Taylor had "no income, assets, or financial obligations," but would be able "to earn income and make payments through the Inmate Financial Responsibility Program which could be applied toward fine payments."
 
 
 10
 United States v. Taylor, 984 F.2d 618, 622 (4th Cir. 1993).
 
 
 11
 In the subject case, the district court, as in Taylor, had before it a presentence report stating that the defendant had no income, assets, or financial obligations. Further, Campbell depended upon his family for financial support, and he was unable to pay a fine. The district court adopted these findings and imposed the $1000 fine because Campbell could pay this amount through the Inmate Financial Responsibility Program. Just as similar findings in Taylor were found to satisfy the requirement of § 3572(a), so the findings in the subject case satisfy that statute.
 
 
 12
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED